```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BENJAMIN AYALA, *pro se*,                           :
                                                     :
                        Petitioner,                  :
                                                     :        **ORDER ADOPTING**
             -against-                               :        **REPORT AND**
                                                     :        **RECOMMENDATION**
ROBERT ERCOLE, Superintendent, Green Haven           :
Correctional Facility,                               :        09-CV-3400(DLI)(LB)
                                                     :
                        Respondent.                  :
                                                     :
                                                     :
                                                     :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Benjamin Ayala filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered the respondent to answer the petition and referred the action to the Honorable Lois Bloom, United States Magistrate Judge, for the preparation of a Report and Recommendation. On June 28, 2011, Judge Bloom issued her Report and Recommendation ("R&R"). (*See* R&R, Doc. Entry No. 12.) Petitioner filed timely objections to the R&R. For the reasons set forth below, the R&R is adopted in its entirety and the petition is denied.

### DISCUSSION

When no objections to an R&R are made, the court may adopt the R&R if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). "The clearly-erroneous standard also applies if a party makes only conclusory or general objections, or simply reiterates his original arguments." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citation and internal quotation marks omitted). When specific objections are made, a district judge must make a *de*

1

*novo* determination with respect to those parts of the R&R to which the party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

The Court has reviewed the record, the relevant case law, the R&R, and petitioner's objections to the R&R. Petitioner's objections fall into one of two categories. First, many of the objections consist of restatements of the arguments he raised in his petition. It is clear from review of the magistrate judge's thorough and well-reasoned R&R, that in preparing the R&R, the judge construed the petition as raising the strongest claims suggested. The magistrate judge disposed of each of petitioner's claims appropriately, supporting her findings with abundant factual and legal support. In the second group of objections, petition assails some of the legal conclusions contained in the R&R, such as the conclusion that a particular claim is "not cognizable under federal constitutional law." The Court has reviewed each of these objections and the relevant portion of the R&R challenged. Again, the magistrate judge appropriately

applied well-settled legal principles in reaching her recommendations. Accordingly, the Court hereby adopts the R&R in its entirety.

## CONCLUSION

For the reasons set forth above, the R&R is adopted in its entirety. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 9, 2012

/s/
DORA L. IRIZARRY
United States District Judge